NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FONOVISA, INC., ARISTA RECORDS, LLC, and BMG MUSIC, | : |
| Plaintiffs, | : |
| v. | : Civil Action 06-3538 (DRD) |
| Magally MERINO, | : **OPINION** |
| Defendant. | : |

Appearances by:

Karen A. Confoy, Esq.
STEARNS & WEINROTH, PC
50 West State Street - Suite 1400
PO Box 1298
Trenton, NJ 08607-1298

   *Attorney for Plaintiffs Fonovisa, Inc., Arista Records, LLC and BMG Music*

Magally Merino
1153 Livingston Avenue
Apt. 6
North Brunswick, NJ 08902

   *Defendant*

**DEBEVOISE, United States Senior District Judge**

   This matter is before the Court on Plaintiffs' Application for Default Judgment following the Clerk's October 20, 2006 entry of default based on Defendant's failure to appear. For the reasons set forth below, Plaintiffs' Application is granted.

## BACKGROUND

On August 1, 2006, Plaintiffs filed a one-count complaint for copyright infringement alleging that, in spite of properly placed notices of copyright pursuant to 17 U.S.C. § 401 and without the permission or consent of the Plaintiffs, Defendant willfully and intentionally used, and continues to use, an online media distribution system[1] to download Plaintiffs' copyrighted recordings and to distribute the copyrighted recordings to the public, or to make the copyrighted recordings available for distribution to others, in violation of 17 U.S.C. § 101 et seq. Plaintiffs' Complaint alleges seven infringements by Defendant.[2]

Defendant failed to appear, answer, or otherwise defend in the matter despite having been

---

[1] Plaintiffs identify the online media distribution system as Kazaa.

[2]

| Copyright Owner | Artist | Recording Title | Album Title | SR # |
|---|---|---|---|---|
| Fonovisa, Inc. | Los Bukis | A Donde Vas | A Donde Vas? | 140-015 |
| Fonovisa, Inc. | Marco Antonio Solis | Si No Te Hubieras Ido | 20 Aniversario | 232-913 |
| Arista Records LLC | Santana | Corazon Espinado | Supernatural | 289-833 |
| Fonovisa, Inc. | Los Bukis | Una Noche Come Esta | Lo Romantico De Los Bukis | 113-279 |
| BMG Music | Cristian | Azul | Azul | 215-047 |
| Fonovisa, Inc. | Marco Antonio Solis | Inventame | Trozos De Me Alma | 264-718 |
| Fonovisa, Inc. | Los Bukis | Necesito Una Companera | 16 Super Exitos | 149-919 |

served with a copy of the complaint and summons. Therefore, on October 19, 2006, pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiffs applied for an entry of default based on Defendant's failure to appear. On October 20, 2006, default was entered by the Clerk of the Court. Again, in spite of two attempts by Plaintiff to inform Defendant of the entry of default, Defendant failed to appear. On October 23, 2006, therefore, Plaintiffs applied for entry of default judgment by the Court.

Pursuant to 17 U.S.C. § 504(c), Plaintiffs seek minimum statutory damages of $750 for each infringement, for a total principal sum of $5,250 (five thousand two hundred fifty dollars), $420 (four hundred twenty dollars) for costs of suit, as well as a permanent injunction to prohibit Defendant from directly or indirectly infringing Plaintiffs' rights in its sound recordings, now or in the future, and to require Defendant to destroy all unauthorized copies of Plaintiffs sound recordings in any form or medium.

## ANALYSIS

**Downloading of Music from the Internet**

A number of courts have held that downloading music from the internet, for which the user neither pays a fee nor owns, is a direct infringement violation of the Copyright Act, 17 U.S.C.A. § 501(a). See In re Aimster Copyright Lit., 334 F.3d 643, 645 (7th Cir. 2003) ("If the music is copyrighted, [] swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers . . . are [] direct infringers."), *cert. denied*, 124 S. Ct. 1069 (2004); A & M Records, Inc., v. Napster, 239 F.3d 1004, 1014 (9th Cir. 2001) (individuals who upload and download music files without permission commit direct copyright infringement); BMG Music v. Gonzalez, 2005 WL 106592, *1 (N.D.Ill. Jan. 7, 2005) (to permit a defendant "to assert [an

innocent infringer] defense based on her ignorance would eviscerate copyright protection and the old adage that 'ignorance is no defense to the law.'"); Elektra Ent. Group, Inc. v. Bryant, 2004 WL 783123, at *4 (C.D.Cal. Feb. 13, 2004).

**Standard for Entry of Default Judgment**

Fed. R. Civ. P. 55 governs the entry of default judgment. A party must have the clerk of the court enter default pursuant to R. 55(a) before it may move for default judgment pursuant to R. 55(b). DeTore v. Local No. 245 of Jersey City Pub. Emp. Union, 511 F. Supp. 171, 176 (D.N.J. 1981). R. 55(b)(2) authorizes a court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("When a defendant fails to appear . . ., the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.")

**Statutory Damages**

Section 504 of the Copyright Act provides that a copyright infringer is liable for statutory damages[3] and that the copyright owner may elect an award of statutory damages for each infringement of not less than $750 and not more than $30,000 provided the court considers the award just.[4] Plaintiffs may elect statutory damages regardless of the adequacy of the evidence regarding actual damages and defendant's profits. See Columbia Pictures TV, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001), *cert. denied,* 534 U.S. 1127 (2002). See also L.A. News Serv. v. Reuters TV Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998), *cert. denied,* 525

---

[3] See 17 U.S.C. § 504(a)(2).

[4] See 17 U.S.C. § 504(c)(1).

4

U.S. 1141 (1999).

In default judgments in copyright infringement cases, federal courts routinely award minimum statutory damages.  See, *e.g.*, Ortiz-Gonzalez v. Fonovisa, Inc., 277 F.3d 59 (1st Cir. 2002); D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29 (2nd Cir. 1990); Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 2-3 (1st Cir. 1983).  No evidentiary hearing is required.  See, *e.g.*, Ortiz-Gonzalez, 277 F.3d at 63-64; D.C. Comics Inc., 912 F.2d at 34, 37; Morley Music Co., 725 F.2d at 2.

**Costs of Suit**

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party."  An award of costs is appropriate to "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party."  A&N Music Corp. v. Venezia, 733 F. Supp. 955, 959 (E.D.Pa. 1990).  In addition, Courts routinely award costs of suit on entry of default judgment.  See, e.g. Discovery Comm., Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1292 (C.D.Cal. 2001).

**Permanent Injunction**

Section 502 of the Copyright Act provides for injunctive relief that is "reasonable to prevent or restrain infringement of a copyright"[5] and such relief is regularly granted.  See, *e.g.*, Comcast Cable Communications v. Adubato, 367 F. Supp. 2d 684 (D.N.J. 2005); Directv v. Gendrachi, 2005 WL 350952 (D.N.J. Feb. 14, 2005).  However, "[i]n deciding whether a permanent injunction should

---

[5]See 17 U.S.C. § 502(a).

be issued, the court must determine if the plaintiff has actually succeeded on the merits (i.e. met its burden of proof). If so, the court must then consider the appropriate remedy." CIBA-GEIGY Corp. v. Bolar Pharmaceutical Co., Inc., 747 F.2d 844, 850 (3d Cir.1984) (citation omitted).

**Decision**

Plaintiffs' argument for default judgment by the court is anchored in Defendant's failure to appear, answer, or otherwise defend against the allegations in Plaintiffs' Complaint. Plaintiffs claim that they are entitled to entry of default judgment simply because Defendant has failed to appear. Case law supports Plaintiffs' claim. Defendant has not made an appearance despite being served with process at his last known residence and despite several attempts by Plaintiff to notify Defendant that default has been entered against him. Entry of default judgment now is appropriate against Defendant because, as the Tenth Circuit Court of Appeals noted in In re Rains, 946 F.2d 731, 732-3 (1991),

> [t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

Here, because Plaintiffs seek only the minimum statutory damages and because those damages easily are ascertainable from the Complaint, the Court need not conduct an evidentiary hearing. The Court, therefore, will award Plaintiffs the requested minimum statutory damages of $750 (seven hundred, fifty dollars) for each of seven (7) infringements for a total of $5,250.00 (five thousand, two hundred, fifty dollars).

Further, as the prevailing party in a copyright infringement, Plaintiffs may be awarded costs

of suit under Section 505 of the Copyright Act. The Court, therefore, will award Plaintiffs the requested costs of $420 (four hundred, twenty dollars).

Lastly, Plaintiffs allege that Defendant's conduct has caused, and is causing, injury that is irreparable and cannot be compensated or measured in money fully and that Plaintiffs will continue to suffer such injury unless the Court enjoins Defendant from continuing infringement of Plaintiffs' copyrights. Here, the default against Defendant satisfies the element of success on the merits necessary for a permanent injunction to issue, therefore, the Court will issue a permanent injunction against Defendant.

## CONCLUSION

Defendant has failed to appear, answer, or otherwise defend against the allegations made in Plaintiffs' Complaint. Therefore, Plaintiffs motion for entry of default judgment by the court is granted and the Court will enter default judgment against Defendant for statutory damages of $5,250.00, costs of suit of $420.00, and a permanent injunction in the form sought in Plaintiffs' Complaint. An appropriate Order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: November 27, 2006

7

8